IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF ARKANSAS
HARRISON DIVISION


WAYNE S. ALLEN                                                                    PLAINTIFF


v.                                            CIVIL NO. 25-3073


FRANK BISIGNANO, Commissioner
Social Security Administration                                                   DEFENDANT


## MEMORANDUM OPINION

Plaintiff, Wayne S. Allen, brings this action pursuant to 42 U.S.C. § 405(g), seeking judicial review of a decision of the Commissioner of the Social Security Administration (Commissioner) denying his claim for supplemental security income (SSI) benefits under the provisions of Title XVI of the Social Security Act (Act).  In this judicial review, the Court must determine whether there is substantial evidence in the administrative record to support the Commissioner's decision.  *See* 42 U.S.C. § 405(g).

Plaintiff protectively filed his current application for SSI on July 25, 2023, alleging an inability to work due to arthritis, bone spurs in the shoulders, neck problems, back problems, a history of a head trauma, history of alcohol abuse, numbness in the fingers, right leg problems with history of surgery, Raynaud's disease, a stutter, memory issues and comprehension issues. (Tr. 79, 200).  An administrative video hearing was held on January 7, 2025, at which Plaintiff appeared with counsel and testified. (Tr. 38-77).

By written decision dated May 21, 2025, the ALJ found that during the relevant time period, Plaintiff had an impairment or combination of impairments that were severe. (Tr. 19). Specifically, the ALJ found Plaintiff had the following severe impairments: seizures, neuropathy,

Raynaud's disease, osteoarthritis of the right shoulder and right ankle, depression and anxiety. However, after reviewing all of the evidence presented, the ALJ determined that Plaintiff's impairments did not meet or equal the level of severity of any impairment listed in the Listing of Impairments found in Appendix I, Subpart P, Regulation No. 4. (Tr. 20). The ALJ found Plaintiff retained the residual functional capacity (RFC) to:

> [P]erform light work as defined in 20 CFR 416.967(b) except with the following limitations: can frequently use either upper extremity to reach, handle, finger and feel; can occasionally stoop, crouch, crawl, and kneel; cannot climb ladders, ropes, or scaffolds but can occasionally climb stairs and ramps; can use foot controls occasionally; can understand, remember and carry out short, simple instructions; can perform simple, routine tasks with no fast-paced high quota production work; can make only simple work related decisions; and can adapt to few if any workplace changes.

(Tr. 22). With the help of a vocational expert, the ALJ determined Plaintiff could perform work as a housekeeper cleaner, a price marker, and a router. (Tr. 30-31).

Plaintiff then requested a review of the hearing decision by the Appeals Council, who denied that request on September 4, 2025. (Tr. 1-6). Subsequently, Plaintiff filed this action. (ECF No. 2). This case is before the undersigned pursuant to the consent of the parties. (ECF No. 6). Both parties have filed appeal briefs, and the case is now ready for decision. (ECF Nos. 10, 11).

This Court's role is to determine whether the Commissioner's findings are supported by substantial evidence on the record as a whole. *Ramirez v. Barnhart*, 292 F.3d 576, 583 (8th Cir. 2002). Substantial evidence is less than a preponderance, but it is enough that a reasonable mind would find it adequate to support the Commissioner's decision. The ALJ's decision must be affirmed if the record contains substantial evidence to support it. *Edwards v. Barnhart*, 314 F.3d 964, 966 (8th Cir. 2003). As long as there is substantial evidence in the record that supports the Commissioner's decision, the Court may not reverse it simply because substantial evidence exists in the record that would have supported a contrary outcome, or because the Court would have

2

decided the case differently. *Haley v. Massanari*, 258 F.3d 742, 747 (8th Cir. 2001). In other words, if after reviewing the record it is possible to draw two inconsistent positions from the evidence and one of those positions represents the findings of the ALJ, the decision of the ALJ must be affirmed. *Young v. Apfel*, 221 F.3d 1065, 1068 (8th Cir. 2000).

In his appeal brief, Plaintiff claims the ALJ's disability decision is not supported by substantial evidence. In making this claim, Plaintiff argues the following issue on appeal: 1) The ALJ failed to find that Plaintiff meets or medically equals a Listing of Impairment; 2) The ALJ erred by failing to give appropriate weight to the subjective testimony and complaints; 3) The ALJ erred in determining Plaintiff's RFC; and 4) The ALJ erred in finding Plaintiff was able to perform other jobs. (ECF No. 10). Defendant argues the ALJ properly considered all the evidence, and the decision is supported by substantial evidence. (ECF No. 11).

The Court has reviewed the entire transcript and the parties' briefs and finds that substantial evidence of record supports the ALJ's determination. Plaintiff claims the ALJ erred in evaluating his impairments under Listings 1.18, 11.14, 11.18, 12.04, and 14.04. (ECF No. 10, pp. 4-6). Plaintiff has the burden of demonstrating his impairments meet all the requirements of a given Listing. *See Cox v. Apfel*, 160 F.3d 1203, 1206 (8th Cir. 1998). Upon review of the record, the Court finds substantial evidence supporting the ALJ's determination that Plaintiff's impairments did not meet or equal the requirements of any Listing during the relevant time period.

In determining that Plaintiff maintained the RFC to perform light work with limitations, the ALJ considered the medical assessments of examining and non-examining agency medical consultants; Plaintiff's subjective complaints; and his medical records. With each medical opinion, the ALJ stated how persuasive he found each opinion and articulated the basis for his finding. While Plaintiff disagrees with the ALJ's RFC determination, after reviewing the record as a whole,

the Court finds Plaintiff failed to meet his burden of showing a more restrictive RFC. *See Perks v. Astrue*, 687 F. 3d 1086, 1092 (8th Cir. 2012) (burden of persuasion to demonstrate RFC and prove disability remains on claimant). After reviewing the record as a whole, the Court finds substantial evidence to support the ALJ's RFC determination for the time period in question.

With respect to the ALJ's Step Five determination, the Court finds that the vocational expert's opinion constitutes substantial evidence supporting the ALJ's conclusion that Plaintiff's impairments did not preclude him from performing work as a housekeeper cleaner, a price marker, and a router during the relevant time period. *Goff v. Barnhart,* 421 F.3d 785, 794 (8th Cir. 2005) (testimony from vocational expert based on properly phrased hypothetical question constitutes substantial evidence).

For the reasons stated in the ALJ's well-reasoned opinion, the Court finds Plaintiff's arguments to be without merit and finds that the record as a whole reflects substantial evidence to support the ALJ's decision. Accordingly, the ALJ's decision is hereby summarily affirmed, and Plaintiff's Complaint is dismissed with prejudice. *See Sledge v. Astrue*, No. 08-0089, 2008 WL 4816675 (W.D. Mo. Oct. 31, 2008) (summarily affirming ALJ's denial of disability benefits), *aff'd*, 364 Fed. Appx. 307 (8th Cir. 2010).

DATED this 24th day of June 2026.


/s/ *Christy Comstock*
CHRISTY COMSTOCK
UNITED STATES MAGISTRATE JUDGE

4